FILED
United States Court of Appeals
Tenth Circuit

April 29, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBBIE S. URBANO,

Defendant - Appellant.

No. 08-3147

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 6:07-CR-10160-MLB-1)**

---

Timothy J. Henry, Assistant Federal Public Defender, District of Kansas, Wichita, Kansas, for Defendant - Appellant.

Jared S. Maag, Office of the United States Attorney (Marietta Parker, Acting United States Attorney, D. Blair Watson, Assistant United States Attorney, on the briefs), District of Kansas, Wichita, Kansas, for Plaintiff - Appellee.

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. INTRODUCTION

Defendant-Appellant Robbie Urbano challenges his convictions and sentence for Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1) and Possession of Cocaine Base ("crack") in violation of 21 U.S.C. § 844. He argues 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him and further contends the district court erred in refusing to give his proffered jury instruction requiring the government to prove his actions had an effect on interstate commerce. Urbano's constitutional argument is foreclosed by circuit precedent. Urbano's challenge to the jury instructions fails as well, as this court's precedent makes clear the government can meet § 922(g)(1)'s jurisdictional element by showing the firearm traveled in interstate commerce at some point in the past. We take the opportunity to clarify that when the government seeks to prove the jurisdictional element in this manner, district courts should not give Tenth Circuit Pattern Criminal Jury Instruction 1.39, which defines the showing necessary when the statute requires a defendant's actions to have an effect on interstate commerce. Urbano also challenges both convictions on sufficiency of the evidence grounds, and this court rejects his challenges. Finally, Urbano contends his Sixth Amendment rights were violated when the district court significantly increased his advisory Guidelines sentence range using facts not found by the jury. This argument is also foreclosed by circuit precedent.

Therefore, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **AFFIRMS** Urbano's convictions and sentence.

## II.  BACKGROUND

After police attempted to pull him over at 3 a.m. for failure to stop at a stop sign, Urbano led them on a high-speed car chase through the streets of Wichita before abandoning his vehicle in a residential driveway.  Upon leaving his vehicle Urbano ran up the driveway, but his path was blocked by a wooden fence that was approximately seven feet high.  The pursuing officers saw Urbano reach into his waistband, remove an object, and throw it over the fence.  They arrested Urbano and found a baggie with crack in his coat pocket.  Urbano claimed the crack was not his.  The police then went into the backyard and discovered there was a small pond on the other side of the fence with a hole broken through the ice.  They searched the pond with a garden tool and found a handgun with a high-capacity magazine.  The property owner stated she cleaned the pond ten days before the incident and did not find a handgun at that time, and she also found no foreign objects in her backyard the day after the incident.  An expert testified the firearm contained an extended magazine, was manufactured in Arizona, and had traveled across state lines to Kansas.

The felon-in-possession statute provides that a felon may not "possess [any firearm] in or affecting commerce."  18 U.S.C. § 922(g)(1).  At trial, Urbano

challenged the § 922(g)(1) charge on constitutional grounds. He requested Tenth

Circuit Pattern Criminal Jury Instruction 1.39,[1] which defines the term interstate

commerce, be given to the jury in its entirety, but the district court refused to do

so. The district court gave the jury the following instruction on the elements of

§ 922(g)(1):

<blockquote>
Instruction No. 6

Defendant is charged in count 1 with a violation of 18 U.S.C. section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting interstate commerce.

To find defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

. . . .

*Third*: before the defendant possessed the firearm, the firearm had moved from one state to another.[2]
</blockquote>

---

[1]Tenth Circuit Pattern Criminal Jury Instruction 1.39 reads, in pertinent part:

<blockquote>
Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.
</blockquote>

[2]This instruction was similar to Tenth Circuit Criminal Pattern Jury Instruction 2.44, the instruction designed to be given in § 922(g)(1) cases.

The district court agreed to give part of Instruction 1.39, but it excised the portion that stated, "[a]ll that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce."  The district court explained §922(g)(1) only required the firearm to have traveled in interstate commerce, and did not require the defendant's acts to affect interstate commerce.  As given to the jury, the instruction read:

Instruction No. 8
Interstate commerce means commerce or travel between one state of the United States and another state.  Commerce includes travel, trade, transportation and communication.
If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.

Urbano was convicted on both counts.  His Guidelines sentence range for the firearm charge was increased because Urbano's firearm had a high-capacity magazine and because his conduct constituted obstruction of justice.  These two enhancements increased Urbano's offense level from 14 to 22, thereby increasing his Guidelines sentence range from 33-41 months to 77-96 months.  The district court sentenced him to 96 months' imprisonment on the firearm charge and 10 months' imprisonment on the drug charge, with both sentences to run concurrently.

## III. DISCUSSION

*A. Commerce Clause Challenge*

Urbano acknowledges this court is bound by precedent rejecting facial interstate commerce clause challenges to 18 U.S.C. § 922(g)(1). *See, e.g.*, *United States v. Dorris*, 236 F.3d 582, 585-86 (10th Cir. 2000); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995). Here, he styles his argument as an "as-applied" challenge. He points out the only evidence the government presented linking him to interstate commerce is evidence that the gun traveled in interstate commerce at some earlier time. He argues that, in light of the Supreme Court case *United States v. Lopez*, 514 U.S. 549, 558-59 (1995), this nexus with interstate commerce is insufficient because the gun was not an article *presently* traveling in interstate commerce and because there was no evidence his intrastate possession of the weapon substantially affected interstate commerce. This court has previously rejected an "as-applied" challenge identical to the one presented by Urbano. *United States v. Farnsworth*, 92 F.3d 1001, 1006-07 (10th Cir. 1996). In *Farnsworth*, the defendant argued 18 U.S.C. § 922(g) was unconstitutional as applied to him because there was no showing that his individual actions had a substantial effect on interstate commerce. *Id.* at 1006. This court held that if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied. *Id.* The court required no further showing of the actual effect of the defendant's actions on

-6-

interstate commerce. *See id.* Because this court is bound by its precedent, it rejects Urbano's "as-applied" challenge.

Urbano makes several other attempts to evade this court's precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1). He notes the Tenth Circuit has promulgated Pattern Criminal Jury Instruction 1.39 defining interstate commerce and that the instruction is consistent with the post-*Lopez* Supreme Court case of *Jones v. United States*, 529 U.S. 848, 854-55 (2000). Tenth Circuit Pattern Criminal Jury Instruction 1.39 cmt. According to Urbano, this indicates the Tenth Circuit has accepted the Supreme Court's more restrictive views of Congress's power under the Interstate Commerce Clause, and he argues it was error for the district court to refuse to give the full pattern instruction defining interstate commerce.

The question of whether the jury was properly instructed on the law is a legal question reviewed *de novo*. *United States v. Villegas*, 554 F.3d 894, 900 (10th Cir. 2009). "The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them." *Id.* (quotation omitted). The district court's decision to give or withhold a particular instruction is reviewed for abuse of discretion. *Id.*

Pattern Criminal Jury Instruction 1.39 was patterned on an instruction reviewed in *United States v. Grassie*, 237 F.3d 1199, 1206 n.5 (10th Cir. 2001),

which dealt, like *Jones*, with the federal arson statute, 18 U.S.C. § 844(I). Tenth Circuit Pattern Criminal Jury Instruction 1.39 cmt. The statute prohibits the malicious destruction by means of fire or explosive any property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(I). In *Jones,* the Supreme Court declined, as a matter of statutory construction, to apply the statute to the destruction of residential property that was not being used for any commercial venture. 529 U.S. at 854-59. In so holding, however, it left untouched a prior opinion applying the statute to a rental property on the grounds that renting apartments is an "activity affecting commerce." *Id.* at 853 (quoting *Russell v. United States*, 471 U.S. 858, 862 (1985)). In *Grassie*, this court analyzed *Jones* and concluded it did not invalidate this court's "de minimis" standard for whether an act affects interstate commerce. *Grassie*, 237 F.3d at 1208. Under the de minimis test, if the target building is used in an activity affecting interstate commerce, even if the effect is minimal, the arson statute's jurisdictional element is met. *Id.* Pattern Criminal Jury Instruction 1.39, therefore, is not the restrictive definition of interstate commerce claimed by Urbano. Its second paragraph lays out this court's de minimis standard for whether activities affect interstate commerce: "If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate

-8-

commerce." Tenth Circuit Pattern Criminal Jury Instruction 1.39. Consequently, Urbano was incorrect to read into the instruction any intent on the part of the Tenth Circuit to alter the court's precedent regarding § 922(g)(1).

This court's precedent makes clear that § 922(g)(1) does not require an individual showing of an effect on interstate commerce so long as the firearm has traveled across state lines in the past. *See, e.g.*, *Dorris*, 236 F.3d at 585-86; *Farnsworth*, 93 F.3d at 1006. As a consequence, in § 922(g)(1) cases when the government's only evidence on the jurisdictional element is the interstate travel of the weapon, district courts should not give jurors Pattern Criminal Jury Instruction 1.39, which requires *some* effect on interstate commerce.

In this case, the district court gave an instruction, Instruction No. 6, which accurately summarized the required showing to meet the interstate commerce element: "To find defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt: . . . before the defendant possessed the firearm, the firearm had moved from one state to another." Urbano claims the court erred in refusing to instruct the jury it needed to find that the natural and probable consequence of his acts would be to affect interstate commerce. Because there was no need to show an effect on interstate commerce, the district court did not commit error in refusing to give Urbano's instruction.

The district court did give a portion of Pattern Criminal Jury Instruction 1.39, including a portion of its second paragraph, as Instruction 8, which read: "If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element." This instruction was extraneous, as Instruction 6, which defined the elements of the crime, permitted the jury to convict only if it found the firearm traveled across state lines. This court generally assumes jurors follow jury instructions. *United States v. Black*, 369 F.3d 1171, 1178 (10th Cir. 2004). Assuming the jury followed Instruction 6, it could not have convicted Urbano without finding the firearm traveled across state lines. When read as a whole, therefore, the instructions were not erroneous in any manner prejudicial to Urbano, and his challenge to the instructions must fail.

Urbano also argues he was denied his right, under the Due Process Clause, to present his chosen defense to the jury. Urbano was certainly entitled to jury instructions on defenses which were supportable by the evidence, so long as these instructions were a correct statement of the law. *United States v. Crockett*, 435 F.3d 1305, 1314 (10th Cir. 2006). Urbano's chosen defense, in this instance, was foreclosed by precedent. Consequently, his proffered instruction was not a correct statement of the law, and his due process rights were not violated by the district court's refusal to instruct the jury in the manner requested.

*B. Sufficiency of the Evidence*

Urbano challenges both his crack possession and his firearm possession convictions on sufficiency of the evidence grounds. In reviewing a challenge to a jury verdict based upon sufficiency of the evidence, this court is obligated to construe the evidence in the light most favorable to the prevailing party. *United States v. Doddles*, 539 F.3d 1291, 1293 (10th Cir. 2008). The verdict will be upheld as long as "*any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Id.* (quotation omitted).

Here, ample evidence supported both convictions. As for the crack, it was found in the pocket of the coat Urbano was wearing when he was arrested. Despite his protestation that the crack belonged to someone else, the jury was entitled to believe it was, in fact, his. As for the firearm, multiple officers witnessed Urbano throw an object over the privacy fence. They then searched the yard on the other side of the fence, saw a hole in the ice covering a shallow pond, and found a handgun at the bottom. The only plausible explanation is that the gun was the object Urbano threw into the yard.

*C. Judicially-Found Facts Used at Sentencing*

Urbano finally argues his sentence was improper because the district court's sentence was based upon additional facts beyond those found by the jury. These facts were Urbano's possession of a high-capacity weapon and obstruction of justice, which increased Urbano's offense level from 14 to 22. Urbano

contends his Sixth Amendment right to a trial by jury was violated by the judicial findings because his Guidelines sentence range more than doubled after the imposition of the enhancements. This increase was so substantial, he argues, that the resulting sentence is, in effect, the "tail that wags the dog" of the underlying sentence.

Like his Commerce Clause challenge, Urbano's Sixth Amendment challenge is foreclosed by this court's precedent. The Sixth Amendment is not violated when a district court finds additional facts by a preponderance standard in order to calculate an advisory Guidelines sentencing range. *United States v. Ivory*, 532 F.3d 1095, 1103 (10th Cir. 2008); *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005). Because the Guidelines sentence calculation in this case was advisory, there was no violation of Urbano's Sixth Amendment rights.

## IV. CONCLUSION

For the foregoing reasons, Urbano's convictions and sentence are **AFFIRMED**.