**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL L. RIGGS,

      Defendant-Appellant.

No. 10-3196
(D.C. Nos. 2:10-CV-02203-JWL and
2:07-CR-20095-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Michael Riggs pleaded guilty to possession of a firearm by a felon, 18

U.S.C. § 922(g)(1), and was sentenced to 180 months' imprisonment. This court

affirmed his sentence on direct appeal. *United States v. Riggs*, 302 F. App'x 805,

813 (10th Cir. 2008). He now seeks a certificate of appealability ("COA") in

order to challenge the district court's denial of his motion under 28 U.S.C. § 2255

seeking collateral review of his conviction.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Mr. Riggs proceeds *pro se*, we construe his filings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). This court has repeatedly stated, however, that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal . . . unless [the petitioner] can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). As the district court noted, Mr. Riggs could've advanced — but didn't mention — his current arguments regarding the constitutionality of 18 U.S.C. § 922(g)(1) on direct appeal. After all, the cases he seeks to rely on — *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000) — were decided years before he filed his appeal.

Mr. Riggs has not shown cause and prejudice to overcome his procedural default, and refusing to consider his arguments will not effect a fundamental miscarriage of justice. We have previously considered and rejected similar attacks on 18 U.S.C. § 922(g)(1) on multiple occasions. *See*, *e.g.*, *United States v. Urbano*, 563 F.3d 1150, 1153-54 (10th Cir. 2009); *United States v. Finney*, 316 F. App'x 752, 757-58 (10th Cir. 2009) (unpublished); *United States v. Dorris*, 236 F.3d 582, 584-86 (10th Cir. 2000). Accordingly, and for substantially the same

reasons given by the district court, we deny Mr. Riggs's application for a COA.

The appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge