FILED
United States Court of Appeals
Tenth Circuit

February 20, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBBIE S. URBANO,

Defendant - Appellant.

No. 13-3305
(D.C. Nos. 6:07-CR-10160-MLB-1 &
6:13-CV-01373-MLB)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Robbie S. Urbano, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal for lack of jurisdiction of his motion filed pursuant to

28 U.S.C. § 2255(e). We deny a certificate of appealability (COA) and dismiss this

proceeding.

Urbano was convicted of possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) and possession of cocaine base in violation of 21 U.S.C. § 844. *See*

*United States v. Urbano*, 563 F.3d 1150, 1152 (10th Cir. 2009). We affirmed his

---

[*]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions and sentences on appeal, *see id.*, and the Supreme Court denied his petition for certiorari, *see Urbano v. United States*, 558 U.S. 962 (2009).

Urbano filed a pro se § 2255 motion to vacate, set aside, or correct his sentence, alleging that his trial counsel provided ineffective assistance. The district court denied relief, and he did not file an appeal. Urbano next filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. At that time, Urbano was incarcerated at the Federal Correctional Institution in Florence, Colorado. Urbano argued that he was entitled to resentencing under the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court denied Urbano's petition because he was challenging the validity of his sentence and he failed to demonstrate that the remedy available under § 2255 was inadequate or ineffective. *See* R., Vol. 1 at 46-48.

Urbano then filed another pro se § 2255 motion, this time in the United States District Court for the District of Kansas, the court in which he was sentenced. Once again, he argued that he is entitled to resentencing under *Alleyne*. The district court construed the motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Urbano must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

- 2 -

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court does not have jurisdiction to address the merits of an unauthorized second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Urbano does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second or successive § 2255 motion. He argues that the district court misconstrued his current motion, which he says he filed under § 2241 pursuant to the "savings clause" of § 2255(e).

> [F]ederal prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under § 2241 through the mechanism of § 2255(e)'s savings clause. To fall within the ambit of the savings clause and so proceed to § 2241, a prisoner must show that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir.) (internal quotation marks and brackets omitted), *petition for cert. filed* (U.S. Dec. 5, 2013) (Nos. 13-7723 & 13A298). But a petitioner's remedy under § 2255 is not inadequate if his "argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Id*.

Urbano is correct that the district court did not construe his motion as being filed under § 2241 via the § 2255(e) savings clause. Rather, the court concluded it was a second or successive motion filed under § 2255 and dismissed it as unauthorized. Jurists of reason would not debate the correctness of the district

court's procedural ruling. First, Urbano did not mention § 2241 in his motion. Second, he did not attempt to argue that his remedy under § 2255 was inadequate or ineffective, which is a prerequisite to application of the savings clause. And finally, Urbano filed his motion in the District of Kansas, although he continues to be incarcerated in Colorado. A § 2241 petition "must be filed in the federal judicial district of the prisoner's incarceration," while § 2255 motions "must be filed in the district in which the prisoner was sentenced." *Abernathy*, 713 F.3d at 542 n.2.

We deny Urbano's application for a COA and dismiss the appeal. We also deny his motion to proceed without prepayment of costs and fees because he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised. Therefore, any unpaid amounts of the filing and docketing fees are now due.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -