IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Navarro,     :
     Petitioner  :
         :
  v.       :
         :
Pennsylvania State Police,  :  No. 1433 C.D. 2017
     Respondent :  Submitted: March 16, 2018


BEFORE:  HONORABLE ROBERT SIMPSON, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: May 17, 2018


   Richard D. Navarro (Petitioner) petitions *pro se* for review of the order of an administrative law judge (ALJ) of the Office of the Attorney General that denied his application for return of a firearm (Application) based on a disqualifying criminal conviction. Upon review, we vacate and remand.

   On November 20, 2013, Petitioner pleaded guilty to two counts of forgery,[1] both graded as misdemeanors of the first degree.[2] The trial court sentenced Petitioner the same day to 24 months' probation.

   On October 3, 2016, Petitioner submitted the Application, which was denied after a Pennsylvania Instant Check System (PICS) report indicated Petitioner

_____

[1] 18 Pa. C.S. §§ 4101(a)(1) & (3).

[2] 18 Pa. C.S. § 4101(c).

had disqualifying criminal convictions.  Petitioner timely challenged the denial.  By letter dated December 23, 2016, the Pennsylvania State Police (PSP) informed Petitioner that it had confirmed the denial of the Application pursuant to Section 922(g) of the Federal Gun Control Act (GCA)[3] based on his disqualifying 2013 first-degree misdemeanor forgery convictions.

Petitioner timely appealed the PSP determination, and a hearing took place before an ALJ on July 7, 2017.  On August 15, 2017, the ALJ denied the Application.  On September 12, 2017,[4] Petitioner appealed to this Court.[5]

The Pennsylvania Uniform Firearms Act[6] requires the PSP to determine whether potential transferees of firearms are prohibited from receipt or possession of a firearm under either State or Federal law as follows:

> **(a) Administration.--**The Pennsylvania State Police shall have the responsibility to administer the provisions of this chapter.
>
> **(b) Duty of Pennsylvania State Police.--**

---

[3] 18 U.S.C. §§ 921-931.

[4] Petitioner initiated this matter by filing a letter with this Court's Prothonotary's Office on September 12, 2017.  On September 14, 2017, this Court mailed Petitioner a notice with instructions on how to properly perfect a petition for review with the Court, and Petitioner complied on October 13, 2017.  *See* 210 Pa. Code § 69.211.  We regard Petitioner's September 12, 2017 initial filing as having preserved his filing date.  Therefore, Petitioner timely filed this appeal.

[5] "On appellate review, we will affirm the decision of an administrative agency unless constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or any finding of fact made by the agency and necessary to support its adjudication is unsupported by substantial evidence."  *Pennsylvania State Police v. Slaughter*, 138 A.3d 65, 70 n.5 (Pa. Cmwlth. 2016); *see also* 2 Pa. C.S. § 704.

[6] 18 Pa. C.S. §§ 6101-6127.

(1) Upon receipt of a request for a criminal history, juvenile delinquency history and mental health record check of the potential purchaser or transferee, the Pennsylvania State Police shall immediately during the licensee's call or by return call forthwith:

> (i) review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm **under Federal or State law**[.[7]]

18 Pa. C.S. § 6111.1 (emphasis added). In turn, the GCA states, in pertinent part:

> **(g)** It shall be unlawful for any person--
>
> **(1)** who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; [8]
>
> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

---

[7] Pennsylvania law expressly precludes persons who are, among other things, convicted of certain enumerated crimes from possessing or using firearms. *See* 18 Pa. C.S. §§ 6105(b) & (c). We note that forgery is not an enumerated crime, and none of the other precluded classifications under Pennsylvania law apply to this matter. *Id.*

[8] The GCA expressly excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" from the definition of "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20)(B). We note, however, that this exclusion is inapplicable to this case, as Petitioner was convicted of forgery graded as a first-degree misdemeanor, which is punishable by up to five years of imprisonment. 18 Pa. C.S. §§ 1104 & 4101(c).

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

To be triggered, GCA Section 922(g) requires proof of two things: (1) a disqualifying conviction, and (2) that the firearm in question was involved in interstate or foreign commerce. *See* 18 U.S.C. § 922(g). Therefore, per the language of the statute, without proof that the firearm sought to be purchased, possessed, or received moved in interstate commerce, GCA Section 922(g) would not apply regardless of whether or not the individual in question had a disqualifying criminal offense. Such proof need not be extensive, but it must be present in some form to trigger the application of Section 922(g). *See United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) (individual showing of an effect on interstate commerce not required so long as the firearm has travelled across state lines at some point in past); *United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004) (evidence that firearm manufactured in state other than one where possession occurred satisfies "in or affecting commerce" requirement); *United States v. Clay*, 355 F.3d 1281, 1287 (11th Cir. 2004) (evidence that firearm bore imprint indicating manufacture outside state where possessed satisfied interstate commerce requirement); *United States v. Polanco*, 93 F.3d 555, 564 (9th Cir. 1996) (evidence that firearm manufactured in one state, shipped to warehouse in second state, then shipped to dealer in first state satisfied interstate commerce requirement); *see also Taylor v. Pennsylvania State Police*, (Pa. Cmwlth., No. 390 C.D. 2010, filed Feb. 18, 2011), 2011 WL 10843320, slip op. at 4 (McCullough, J., concurring) (unreported decision) (noting that a simple photocopy of a firearms manufacturer's website indicating that the manufacturer was

4

located in Florida "clearly satisfied" the proof of interstate or foreign commerce requirement).[9]

In the instant matter, the ALJ made no findings regarding the interstate or foreign commerce status of the firearm that Petitioner requested be returned. Without such information, we cannot properly determine whether the firearm should not be returned pursuant to Section 922(g). Accordingly, we vacate the decision of the ALJ and remand the matter for further findings consistent with this memorandum opinion.[10]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value.

[10] Given our resolution of this matter, we need not reach Petitioner's multiple constitutional challenges. *See In re Fiori*, 673 A.2d 905, 909 (Pa. 1996) ("[C]ourts should avoid constitutional issues when the issue at hand may be decided upon other grounds.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Navarro,          :
          Petitioner    :
                          :
       v.               :
                          :
Pennsylvania State Police,   :   No. 1433 C.D. 2017
          Respondent   :

# **O R D E R**

AND NOW, this 17th day of May, 2018, the decision of the Office of the Attorney General Administrative Law Judge dated August 15, 2017 is VACATED. The matter is remanded to the Office of the Attorney General Administrative Law Judge for further findings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge