**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 29, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA WILLIS,

    Defendant - Appellant.

No. 23-1058
(D.C. No. 1:22-CR-00186-RMR-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.[**]
_____

A grand jury indicted Defendant Joshua Willis on one count of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to this crime. Defendant's record includes three prior felony convictions—one for first degree criminal trespass, one for criminal impersonation to gain a benefit, and one for first degree aggravated motor vehicle theft.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Congress long ago prohibited felons—even non-violent felons—from possessing firearms. 18 U.S.C § 922(g)(1). Defendant moved to dismiss the indictment against him based on the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), which created a new test for the scope of the right to possess firearms. Defendant brought both a facial and an as-applied challenge to the constitutionality of the ban.[1] The district court denied Defendant's motion to dismiss. Defendant pleaded guilty but preserved his right to appeal the denial of his motion to dismiss. The district court sentenced Defendant to twenty-four months' imprisonment and three years' supervised release.

Defendant timely filed a notice of appeal. While his appeal was pending, we decided Vincent v. Garland, 80 F.4th 1197 (10th Cir. 2023), holding that Bruen does not expressly overrule our precedent from United States v. McCane, 573 F.3d 1037 (10th Cir. 2009). Accordingly, we upheld the constitutionality of § 922(g)(1) in Vincent.

Even so, Defendant argues on appeal that § 922(g)(1) violates the Second Amendment—both facially and as-applied to him—because the Government has not, and cannot, establish a historical tradition of disarming felons under Bruen. But Defendant acknowledges that Vincent forecloses his Second Amendment challenges to § 922(g)(1), and he brings these arguments for preservation only.

---

[1] Defendant also asserts that Congress exceeded its Commerce Clause authority in enacting the relevant portion of § 922(g)(1). Defendant recognizes that this claim is foreclosed by United States v. Urbano, 563 F.3d 1150 (10th Cir. 2009) and must fail but brings it anyway for preservation purposes only.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's decision upholding the constitutionality of 18 U.S.C. § 922(g)(1).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge