FILED
United States Court of Appeals
Tenth Circuit

May 13, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREW RAPHAEL REESE,

    Defendant - Appellant.

Nos. 24-1069 & 24-1070
(D.C. Nos. 1:19-CR-00144-RM-1 &
1:23-CR-00111-RM-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Defendant, Andrew Reese, pleaded guilty to possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). In relevant part, § 922(g)(1) makes it unlawful for a convicted felon to "possess in or affecting commerce, any firearm." Defendant also admitted to violating the terms of his supervised release by possessing a firearm and by failing to participate in substance abuse testing. In these consolidated appeals, Defendant challenges his § 922(g)(1)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction (No. 24-1070) and his revocation sentence (No. 24-1069) by arguing § 922(g)(1) is unconstitutional under the Second Amendment and the Commerce Clause. He appeals for preservation purposes only, conceding our precedents foreclose his arguments. We exercise jurisdiction under 28 U.S.C. § 1291 and review Defendant's appeal de novo. *See United States v. Dorris*, 236 F.3d 582, 584 (10th Cir. 2000) (explaining we review challenges to the constitutionality of a statute de novo).

Defendant first argues we must vacate his § 922(g) conviction because it violates the Second Amendment, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). Defendant raises both a facial and as-applied challenge. We agree with Defendant that our precedents foreclose his argument. In *United States v. McCane*, we held § 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009). In addition, *McCane* "upheld the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved." *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025). *McCane* remains binding after *Bruen* and *Rahimi*, so Defendant's Second Amendment challenge fails. *See id.*

Defendant also argues § 922(g) violates the Commerce Clause, citing *United States v. Lopez*, 514 U.S. 549 (1995). Our precedents yet again foreclose Defendant's argument. We have affirmed the constitutionality of § 922(g) under the Commerce Clause on numerous occasions. *See, e.g.*, *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) ("Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce

Clause"); *Dorris*, 236 F.3d at 584–86 (rejecting a challenge to § 922(g)(1) based not only on *Lopez* but also *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000)); *United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) (reiterating, "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied").

*** 

Bound by precedent, we affirm Defendant's § 922(g) conviction and his revocation sentence.

Entered for the Court

Bobby R. Baldock
Circuit Judge