**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED CARDEL OVERSTREET,

Defendant - Appellee.

No. 00-3356
D.C. No. 00-CR-10025-01-MLB
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **ANDERSON**, Circuit Judges, and **STAGG**, District Judge.[**]

Defendant Alfred C. Overstreet ("Overstreet") appeals from a guideline sentence

imposed on him as a result of a plea agreement. As part of a guilty plea, the United States

agreed to file a motion to depart downward under United States Sentencing Guidelines

Section 5K1.1 (hereinafter referred to as "section 5K1.1 motion") if it received

"substantial assistance" from Overstreet. For reasons discussed below, the United States

_____

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Tom Stagg, United States District Judge for the Western District
of Louisiana, sitting by designation.

refused to file the motion. At the sentencing hearing, Overstreet moved for specific performance of the plea agreement. The Honorable Monti L. Belot, United States District Judge for the District of Kansas, denied the motion and sentenced Overstreet to the minimum sentence available under applicable guidelines. For the reasons hereinafter set forth, we AFFIRM.

## I. BACKGROUND

On April 29, 2000, Overstreet was indicted on three counts, including charges of possession of crack cocaine with the intent to distribute. Pleading guilty to Count Three, he entered into an agreement (the only one between the parties) with the United States on July 18, 2000. The relevant portions of that agreement are as follows:

2.    In exchange for the plea of guilty . . . and the defendant's cooperation as set forth in paragraph 3, infra, the United States agrees as follows:

a.    To recommend that the defendant receive a three (3) level reduction for acceptance of responsibility;

b.    To recommend the low end of the appropriate guideline sentence;

c.    The United States agrees to advise the sentencing Court prior to sentencing of the nature and extent of the cooperation in this              or other investigations provided by this defendant. Should this cooperation be deemed "substantial", in the sole discretion of the United States Attorney for the District of Kansas, the United States will also file a motion, pursuant to Section 5K1.1 . . . .

3.    The defendant agrees, in consideration of the items listed in paragraph 2 above as follows:

a. Defendant agrees to fully cooperate with the United States by being truthful, honest and candid as to all matters within the knowledge of this defendant as they relate to any wrongdoing involving the defendant and others. This includes (1) complete debriefing by this Office and agents of the Drug Enforcement Agency; (2) testifying in federal and/or state court, if necessary.

After signing the plea agreement, Overstreet violated the conditions of his release on two separate occasions. Before his sentencing, he was arrested for driving under the influence of alcohol and driving with a suspended license. Also prior to the sentencing, he failed to participate in a substance abuse program and counseling appointment. Following these incidents, which occurred around September 12, 2000, Oversteet was held in custody for the October 16 sentencing. His sentencing, however, was continued because he sought to modify his plea agreement through further cooperation with the United States. Specifically, he offered agents the investigation targets' "heads on a platter" if he were guaranteed probation.

Concerning the issue of "substantial assistance," agents questioned Overstreet extensively on two occasions. He provided some information, and he cooperated to an extent, but the agents were dissatisfied with his assistance. Although they had no direct proof that Overstreet was untruthful, they believed that his story was incomplete and that he "hasn't provided substantial information . . . . it's been pretty difficult working with the man."

At the sentencing hearing, the government declined to file a section 5K1.1 motion

based on lack of substantial assistance. It explained that Overstreet failed to appear for interviews and debriefings and that he failed to telephone an investigation target as requested. Asked about Overstreet's assistance, one agent responded, "Once again, the degree, I don't feel like he was fully honest. There was potentially helpful information there, but I think Mr. Overstreet could have been much more helpful." At the close of the hearing, the district court found no violation of the plea agreement and denied Overstreet's motion for specific performance. The court then imposed a term of 97 months–the low end of the guideline sentence for an Offense Level 29, Criminal History Category II–as credit for his cooperation with the government. Overstreet appealed.

## II.  LAW AND ANALYSIS

Whether the government breached a plea agreement is a question of law that is reviewed *de novo*. See United States v. Belt, 89 F.3d 710, 712 (10th Cir. 1996); see also United States v. Courtois, 131 F.3d 937, 938 (10th Cir. 1997). A district court's decision to depart downward is reviewed for an abuse of discretion. See Koon v. United States, 518 U. S. 81, 91, 116 S. Ct. 2035, 2043 (1996). A district court by definition abuses its discretion when it makes an error of law. Id. at 100.

Title 18, United States Code, Section 3553(e) and United States Sentencing Guidelines Section 5K1.1 empower district courts, upon a *government motion*, to impose a sentence below the statute's and guidelines' mandatory minimums to reflect a defendant's "substantial assistance in the investigation or prosecution of another person

who has committed an offense." United States v. Duncan, 242 F.3d 940, 941 (10th Cir. 2001). The government's refusal to file a section 5K1.1 motion for substantial assistance jurisdictionally bars a district court from imposing a sentence below a mandatory minimum. See United States v. Long, 936 F.2d 482, 483 (10th Cir. 1991). In two instances, however, a court may either force the government to file the motion or grant the motion *sua sponte*.[1] The first is when the government's refusal to file the motion violates an agreement. See United States v. Lee, 989 F.2d 377, 379 (10th Cir. 1993); see also United States v. Cerrato-Reyes, 176 F.3d 1253, 1264 (10th Cir. 1999). The second occurs when the government's refusal was based on an unconstitutional motive, such as the defendant's race or religion. See Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44 (1992).[2]

Overstreet has made no claim of an unconstitutional motive on the part of the United States. Accordingly, he must rely on the first exception noted above. This court

---

[1]A third exception previously allowed a judge to depart below a mandatory minimum sentence in an egregious case in which the prosecution stubbornly refused to file the motion, despite overwhelming evidence that the accused's assistance had been so substantial as to cry out for meaningful relief. See United States v. Kuntz, 90 F.2d 655, 657 (10th Cir. 1990); see also United States v. Cerrato-Reyes, 176 F.3d 1253 (10th Cir. 1999). This exception, however, was recently eliminated by United States v. Duncan, 242 F.3d 940 (10th Cir. 2001), in accordance with the Supreme Court's decision in Wade v. United States, 504 U.S. 181, 112 S. Ct. 1840 (1992).

[2]In the proceedings below, the United States challenged the district court's jurisdiction to entertain Overstreet's motion for specific performance. The court determined that it had the power to grant relief based on the exceptions discussed above. The United States did not appeal this portion of the court's ruling; this court, therefore, will not further address it.

must decide, therefore, whether the government's refusal to file a section 5K1.1 motion violated the terms of the plea agreement. Applicable case law dictates that "[p]lea bargains are governed by contract principles, and if any ambiguities are present, they will be resolved against the drafter, in this case the government." United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993) (internal quotations and citations omitted). Moreover, the Tenth Circuit "will not allow the government to resort to a rigidly literal construction of the language of the plea agreement" in order to frustrate a defendant's reasonable expectations. See United States v. Shorteeth, 887 F.2d 252, 256 (10th Cir. 1989).

Overstreet first argues that the United States breached the agreement by using its discretion unilaterally to apply terms and conditions that were neither included within the four corners of the document nor contemplated by him or his counsel. Specifically, he claims that Jackie Williams, the United States Attorney for the District of Kansas, was not personally involved in the decision not to file a section 5K1.1 motion. Rather, DEA Task Force Agent Ron Goodwin and Assistant United States Attorney Blair Watson exercised the discretion delegated solely to Williams. We must decline to resolve this issue. Overstreet raised the argument for the first time on appeal, and we have held that, in the absence of extraordinary circumstances, issues raised for the first time on appeal will not be considered. See Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 814 n.22 (10th Cir. 1995). Overstreet did not highlight any extraordinary circumstances warranting

review of this issue, and we find none.[3]   Overstreet next argues that the United States breached the plea agreement when it refused to file the motion in the face of substantial assistance from him.  In situations in which a defendant "asserts that the government breached an agreement that leaves discretion to the prosecutor, the district court's role is limited to deciding whether the government made the determination in good faith." Cerrato-Reyes, 176 F.3d at 1264 (quoting Lee, 989 F.2d at 380).  Accordingly, whether the government acted in good faith is determinative.

In Cerrato-Reyes, the government, exercising discretion afforded by the plea agreement, refused to file a section 5K1.1 motion, based on the defendant's failure to testify at a second trial, after the first trial (at which she did testify) resulted in a mistrial. See id. at 1264.  That court found that the government made its determination based on the defendant's failure to testify at the second trial, and it noted that "[the government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a [section 5K1.1] motion." Id. (quoting  United States v. Perez, 955 F.2d 35, 36 (10th Cir. 1992)).  Likewise, we find that, in the instant case, the United States based its decision on a number of factors, which, viewed collectively, reveal good faith.

The government stated that its refusal to file the section 5K1.1 motion was a result

<hr>

[3]We also note the government's point that Overstreet failed to identify any evidence that the United States Attorney did not review and concur with the decision not to file a section 5K1.1 motion.

of the following examples of Overstreet's non-cooperation: 1) after signing the agreement, he was twice arrested for violating his conditions of release;  2) his failure to appear for appointments with the investigators and to return telephone calls; 3) his statement that he would deliver two substantial violators to law enforcement for a guarantee of probation; 4) his refusal to make a recorded telephone call which had been discussed with, and cleared, by his counsel; and 5) the investigator's opinion that he did not provide any substantial information.  The government also felt that Overstreet was not fully honest.

Overstreet's argument that the agreement required cooperation only as to *past* criminal behavior is without merit.  The language of the agreement, cited by Overstreet himself, is clear: "Defendant agrees to fully cooperate with the United States by being truthful, honest and candid as to *all* matters within the knowledge of this defendant as they relate to *any* wrongdoing involving the defendant and others." (Emphasis added.) Equally unconvincing is Overstreet's argument that hesitancy in answering interrogator's questions demonstrated prudence, rather than a lack of candor.  The plea agreement vested the government with sufficient discretion to interpret such hesitancy however it felt was proper.  Furthermore, the agreement in no way suggests that any party or court should consider Overstreet's interpretation of his assistance or the manner in which he provided it.

Generally, there are "significant institutional incentives for the prosecution to

exercise sound judgment and to act in good faith" when considering whether to make a section 5K1.1 motion. See Cerrato-Reyes, 176 F.3d at 1264-65 (quoting United States v. Kuntz, 908 F.2d 655, 657 (10th Cir. 1990)). Overstreet has not overcome this general rule by demonstrating bad faith on the part of the government. In sum, the government had complete discretion to refuse him a section 5K1.1 motion; having exercised that discretion in good faith, it did not violate the plea agreement. The exception on which Overstreet relies, therefore, does not apply. In the absence of an applicable exception, the district court could not have reduced Overstreet's sentence below the mandatory minimum, and it could not have granted the motion for specific performance. AFFIRMED.

Entered for the Court

Tom Stagg
District Judge