**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOHN DOE,

     Defendant - Appellant.

No. 17-604

_____

Before **KELLY**, **LUCERO**, and **MORITZ**, Circuit Judges.[1]
_____

**MORITZ**, Circuit Judge.
_____

Plea agreements are "an essential component of the administration of justice." *Santobello v. New York*, 404 U.S. 257, 260 (1971). But there's nothing "just[]," *id.*, about requiring defendants to fulfill their obligations under such agreements unless the government must do the same. Here, the plea agreement obligated the government to exercise its discretion in determining whether to file a substantial-assistance motion. Yet according to the defendant, the government failed to exercise that discretion in good faith and thereby breached the plea agreement. Because we

---

[1] The Honorable Neil M. Gorsuch was an original member of the panel that heard oral argument. He did not participate in the resolution of this case or the preparation of this opinion due to his ascent to the United States Supreme Court. The Honorable Nancy Moritz replaced him on the panel.

conclude that the district court erred in ruling that our unpublished decision in *United States v. Kovac*, 23 F. App'x 931 (10th Cir. 2001), precluded it from reaching this argument, we reverse and remand for further proceedings.

**I**

Facing two counts of possession with intent to distribute, *see* 21 U.S.C. § 841(a)(1), defendant John Doe pleaded guilty as charged pursuant to a Fed. R. Crim. P. 11(c)(1)(B) plea agreement. As part of that agreement, Doe waived his right to appeal or collaterally attack his plea, his conviction, or any sentence within the Guidelines range. And in return, the government agreed—in its sole discretion and by any means it deemed appropriate—to evaluate Doe's cooperation in determining whether to file a substantial-assistance motion. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The plea agreement also clarified that the ultimate decision to file such a motion was, like the government's evaluation of Doe's cooperation, solely within the government's discretion.

The district court accepted Doe's guilty plea. But it didn't sentence him right away. Instead, Doe remained in protective custody while he and a close family member helped law enforcement bring down a local drug operation. That cooperation placed both of their lives at risk.

Citing the assistance of both Doe and his family member, the prosecuting attorney twice asked the downward departure committee of the United States Attorney's Office to approve the filing of a substantial-assistance motion. Without explanation, and despite the opinion of both the prosecuting attorney and local law

2

enforcement that Doe and his family member had indeed provided substantial assistance, the committee denied those requests.

In response, Doe filed a motion to enforce the plea agreement. Citing general contract-law principles, Doe argued that the government acted arbitrarily and in bad faith by refusing to file a substantial-assistance motion, especially in the absence of any explanation for the committee's decision.

The district court denied Doe's motion. In doing so, it reasoned that the plea agreement's plain language left the decision to file a substantial-assistance motion within the government's sole discretion. And it concluded that under our unpublished decision in *Kovac*, 23 F. App'x 931, it couldn't review that discretionary decision— even for the limited purpose of determining whether the government acted in good faith. Based on a Guidelines range of 121 to 151 months in prison and the applicable 120-month and 60-month statutory minimums, the district court then imposed concurrent 121-month sentences. Doe appeals.

## II

On appeal, Doe advances two challenges to the government's refusal to file a substantial-assistance motion.[2] First, he mounts a constitutional attack: he alleges that the government's decision wasn't "rationally related to any legitimate [g]overnment end." *Wade v. United States*, 504 U.S. 181, 186 (1992). Second, he asserts a

---

[2] The term "substantial-assistance motion" can refer to a motion filed pursuant to § 3553(e) or a motion filed pursuant to U.S.S.G. § 5K1.1. Because both of Doe's convictions carry mandatory statutory minimum sentences, only the former type of motion is at issue here. *See* § 3553(e) (allowing district court to impose sentence below statutory minimum if government files substantial-assistance motion).

3

contractual challenge: he argues that the government breached the plea agreement's implied duty of good faith and fair dealing by refusing to file a substantial-assistance motion. *See United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004) (en banc) ("[C]ontract principles govern plea agreements."); *United States v. Rexach*, 896 F.2d 710, 714 (2d Cir. 1990) ("There is . . . an implied obligation of good faith and fair dealing in every contract."); *Ace Constr. Co. v. W. H. Nichols & Co.*, 353 F.2d 110, 112 (10th Cir. 1965) ("Following general contract law, we have said that each party owe[s] the contract the duty of good faith performance . . . ."); Restatement (Second) of Contracts § 205 (Am. Law Inst. 1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). We begin by addressing Doe's contractual argument. And because our resolution of that issue ultimately requires us to reverse and remand for further proceedings, we decline to reach Doe's constitutional challenge.

In asking the district court to enforce the plea agreement, Doe argued that the government acted in bad faith by refusing to file a substantial-assistance motion. But the district court refused to address Doe's good-faith argument, reasoning that our unpublished decision in *Kovac* forecloses such review. *See* 23 F. App'x at 938 ("[W]here a plea agreement expressly grants the government sole discretion over the filing of a substantial assistance motion, a prosecutor's discretionary refusal to file such a motion may not be reviewed for bad faith.").

We can hardly blame the district court for reaching this conclusion. After all, the circuits are split on this question. *Compare, e.g.*, *United States v. Isaac*, 141 F.3d

4

477, 483 (3d Cir. 1998) ("[A] district court is empowered to examine for 'good faith' a prosecutor's refusal to file a § 5K1.1 motion pursuant to a plea agreement that gives the prosecutor 'sole discretion' to determine whether the defendant's assistance was substantial."), *with, e.g.*, *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996) ("If the [g]overnment retains sole discretion to file the [substantial-assistance] motion, its refusal to file is reviewable only for unconstitutional motives such as the race or religion of the accused.").

And it appears this court is likewise divided. *Compare, e.g.*, *Kovac*, 23 F. App'x at 938 (refusing to review prosecutor's discretionary decision for bad faith), *with United States v. Overstreet*, 51 F. App'x 838, 842 (10th Cir. 2002) (unpublished) ("In situations in which a defendant 'asserts that the government breached an agreement that leaves discretion to the prosecutor, the district court's role is limited to deciding whether the government made the determination in good faith.'" (quoting *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1264 (10th Cir. 1999), *abrogated on other grounds by United States v. Duncan*, 242 F.3d 940 (10th Cir. 2001))).

This intra-circuit split may seem puzzling. We long ago held that even when a plea agreement gives the government discretion to decide whether to file a substantial-assistance motion, a court can nevertheless review "whether the [government] has made its determination in good faith." *United States v. Vargas*, 925 F.2d 1260, 1266 (10th Cir. 1991). And in the absence of en banc consideration, one panel of this court generally can't "overturn the decision of another panel." *United*

5

*States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (quoting *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000)). Thus, it would appear that in the absence of en banc consideration, we remain bound by *Vargas*.

But the rule that prevents one panel of this court from overruling an earlier panel's decision doesn't apply "when the Supreme Court issues an intervening decision that is 'contrary' to or 'invalidates our previous analysis.'" *Id.* (first quoting *Meyers* 200 F.3d at 720; then quoting *United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009)). And according to the government, the Supreme Court's intervening decision in *Wade*, 504 U.S. 181, not only allows us to abandon the rule we announced in *Vargas*, but requires us to do so.

The government's argument is not without support. More than a decade ago, this court reached the same conclusion—albeit in an unpublished, and thus nonprecedential, decision. *See Kovac*, 23 F. App'x at 938 & n.10 (stating that *Wade* "altered the landscape in this area of the law"); 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential . . . ."). We don't disagree that *Wade* altered the legal landscape. But for the reasons discussed below, we conclude that it left undisturbed the bedrock principles we relied on in deciding *Vargas*. And because *Vargas* therefore remains good law, we are required to apply it here. *See Brooks*, 751 F.3d at 1209.

Our reasons are straightforward: the contractual considerations before us in *Vargas*, *see* 925 F.2d at 1266, simply weren't before the Court in *Wade*. Instead, the *Wade* Court carefully articulated the narrow question before it as "whether district

6

courts may subject the [g]overnment's refusal to file . . . a [substantial-assistance] motion to review for constitutional violations." 504 U.S. at 183. And before answering that constitutional question, the Court took pains to note that there was no "agreement on the [g]overnment's behalf to file a substantial-assistance motion." *Id.* at 185. Finally, in case any ambiguity remained about the nature of its inquiry, the Court contrasted the constitutional question before it with the contractual question that was before the Fourth Circuit in *United States v. Conner*, 930 F.2d 1073 (4th Cir. 1991). *See Wade*, 504 U.S. at 185 (citing *Conner*, 930 F.2d at 1075-77).

Only after clarifying what the case before it was *not* about—i.e., plea agreements—did the *Wade* Court then hold that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if . . . the refusal was based on an unconstitutional motive" or "not rationally related to any legitimate [g]overnment end." *Id.* at 185-86.

The government would have us read the word "only" into this pronouncement. In other words, the government interprets *Wade* as establishing that when the government retains discretion to file a substantial-assistance motion, a district court can review the government's discretionary refusal to file that motion *only* for constitutional compliance. But given the *Wade* Court's careful efforts to cabin the narrow constitutional question before it, we do not believe that the Court intended for *Wade*'s constitutional test to supplant, rather than supplement, the contractual principles that we traditionally apply to plea agreements. *See Vargas*, 925 F.2d at

7

1266-67. Instead, "[a] close reading of *Wade* indicates that its teachings are confined to situations in which there is no plea agreement." *Isaac*, 141 F.3d at 482.

The government insists that this conclusion fails to account for the *Wade* Court's hesitancy to intrude upon matters of prosecutorial discretion. Specifically, the government argues that a prosecutor's decision regarding whether to file a substantial-assistance motion is, much like a prosecutor's decision regarding whether to prosecute at all, "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985).

But good-faith review is hardly a "concept novel to the courts." *Isaac*, 141 F.3d at 483. On the contrary, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance." *Id.* (alteration in original) (quoting Restatement (Second) of Contracts § 205 (Am. Law Inst. 1981)). Thus, courts are quite practiced at "determining whether an allegation of bad faith has been established." *Id.*

Nor do we see any reason to think that a district court's good-faith review might meaningfully interfere with the government's prosecutorial discretion. The sole question before a district court undertaking such review is whether the government's refusal to file a substantial-assistance motion is "based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." *Id.* at 484. And if the government wishes to avoid even this minimal level of scrutiny, it can easily do so: it can decline to include discretionary substantial-assistance clauses in its plea agreements. Thus, even assuming that good-

8

faith review might somehow interfere with prosecutorial discretion, the government nevertheless maintains absolute and unfettered discretion to decline to subject itself to such review.

But if, on the other hand, the government opts to include discretionary substantial-assistance clauses in its plea agreements, then defendants who "bargain[] away important rights" in reliance on those clauses are entitled to a "reasonable expectation of receiving something in return for the surrender of [their] rights"—i.e., "a discretionary evaluation of [their] cooperation in good faith." *Id.* at 483. Accordingly, we reaffirm that even when a plea agreement gives the government complete discretion to decide whether to file a substantial-assistance motion, a court may nevertheless review "whether the prosecutor has made its determination [not to file such a motion] in good faith." *Vargas*, 925 F.2d at 1266. Nothing in *Wade* establishes otherwise.

Of course, that's not to say that we find *Wade*'s guidance wholly inapposite here. As the government notes, *Wade* incorporated a substantial-threshold requirement into its constitutional analysis. *See* 504 U.S. at 186-87 (explaining that "generalized allegations of improper motive" won't entitle defendants to relief "or even to discovery or an evidentiary hearing"; instead, defendant must first develop claim that "rise[s] to the level warranting judicial enquiry"). And as the government points out, allowing defendants to evade *Wade*'s substantial-threshold requirement by couching their arguments in contractual, rather than constitutional, terms would largely render that substantial-threshold requirement meaningless.

9

Thus, we incorporate a similar threshold requirement here. In order to trigger good-faith review of a prosecutor's discretionary refusal to file a substantial-assistance motion, a defendant must first allege that the government acted in bad faith. The government may then rebut that allegation by providing its reasons for refusing to file the motion. Assuming those reasons are at least facially plausible, we hold that a defendant is only entitled to good-faith review if he or she "produce[s] evidence giving reason to question the justification [the government] advanced." *Isaac*, 141 F.3d at 484. We think this approach strikes an appropriate balance between (1) the respect and deference we owe to the government's exercise of its prosecutorial discretion, *see United States v. Forney*, 9 F.3d 1492, 1501 n.4 (11th Cir. 1993), and (2) our longstanding tradition of subjecting plea agreements to general contract-law principles, *see United States v. Gamble*, 917 F.2d 1280, 1282 (10th Cir. 1990).

Here, Doe has already satisfied the first step of this three-step process: he alleged below that the government acted in bad faith in refusing to file a substantial-assistance motion. But the government hasn't yet fulfilled the second step: because the district court ruled that the government's decision wasn't subject to good-faith review, the government never disclosed below its reasons for refusing to file a substantial-assistance motion. Accordingly, we remand to the district court with directions to (1) evaluate the facial plausibility of any justifications the government

might provide;[3] and (2) assess whether Doe can present evidence that would call those justifications into question. If so, then the district court should determine whether the government's refusal to file a substantial-assistance motion in this case breached the plea agreement's implied duty of good faith.[4]

As a final matter, we decline to address the government's suggestion that we could resolve this appeal by enforcing the plea agreement's appellate-waiver clause. As the government concedes, "an appellate waiver is not enforceable if the [g]overnment breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). Thus, unless and until the district court resolves whether the government breached the plea agreement by acting

---

[3] The government originally represented to this court that it based its decision not to file a substantial-assistance motion on (1) Doe's extensive criminal history; (2) the redundancy of the information Doe provided to law enforcement; and (3) the third-party nature of the assistance that Doe's family member provided. But the government has since abandoned any reliance on Doe's criminal history. And the government's suggestion on appeal that third-party assistance is somehow insufficient to warrant a substantial-assistance motion is completely at odds with the position the government advanced below. Thus, while we take no position on whether the government's evolving justifications might belie their legitimacy, we note that the district court remains free to take this factor into account on remand, both in determining whether Doe is entitled to good-faith review and, if it reaches the question, in determining whether the government acted in good faith.

[4] Because we reverse and remand for further proceedings, we see no reason to reach Doe's constitutional argument—i.e., his assertion that the government's decision not to file a substantial-assistance motion wasn't "rationally related to any legitimate [g]overnment end." *Wade*, 504 U.S. at 186. Thus, we decline to decide (1) whether Doe preserved that argument below; (2) whether, if he didn't, plain-error review would be appropriate, *see United States v. Easter*, 981 F.2d 1549, 1556 (10th Cir. 1992); or (3) whether, if plain-error review is appropriate, Doe can make the requisite showing, *see United States v. Simpson*, 845 F.3d 1039, 1057 (10th Cir. 2017).

11

in bad faith, we cannot evaluate whether enforcement of the plea agreement's appellate-waiver clause is appropriate.

*    *    *

Doe and a close family member risked their lives to assist the government. And as part of Doe's plea agreement, the government promised to consider that assistance in determining whether to file a substantial-assistance motion on Doe's behalf. But that promise is largely meaningless if the government need not make its decision in good faith. Likewise, an implied promise of good faith is largely meaningless if it's not subject to judicial review and enforcement. Of course, some allegations of bad faith will be so obviously groundless that they won't entitle a defendant to judicial review. But on this record, we can't say that's the case here. Accordingly, we reverse and remand to the district court for further proceedings.