**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PERMANUEL CASTILLO,

    Defendant - Appellant.

No. 19-2070
(D.C. Nos. 1:16-CV-00622-JCH-KRS &
1:12-CR-02836-JCH-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Defendant Permanuel Castillo seeks a certificate of appealability ("COA") to

appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge

issues a certificate of appealability, an appeal may not be taken to the court of appeals

from . . . the final order in a proceeding under section 2255."). We deny the request for a

COA and dismiss this matter.

Castillo pled guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to using a firearm in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The plea agreement

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

provided that the Government would move to dismiss the predicate offenses, two counts of assault under 18 U.S.C. §§ 113(a)(3) and (a)(6). Under the agreement, Castillo also waived his rights to appeal his conviction and sentence, or to collaterally attack his conviction and sentence.

On June 26, 2015, the Supreme Court held that § 924(e)(2)(B)'s "residual" clause was unconstitutionally vague. *United States v. Johnson*, 576 U.S. ---, 135 S.Ct. 2551 (2015). Based on that change in Supreme Court precedent, Castillo filed a § 2255 motion challenging his conviction, as the residual clause of § 924(c) contained extremely similar language.[1] Castillo argues that his waiver of the right to seek collateral relief was not knowing and voluntary and his § 2255 action may proceed; and that the predicate crimes, assault with a dangerous weapon under § 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6), are not crimes of violence, rendering his conviction unlawful.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant must show that the district court's resolution was either "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this context, Castillo must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (internal quotation marks omitted).

---

[1] The Supreme Court has subsequently held the residual clause of § 924(c) is also unconstitutionally vague. *See United States v. Davis*, --- U.S. ---, 139 S.Ct. 2319 (2019).

2

Even assuming that Castillo could overcome his waiver of collateral review, and even assuming assault with a dangerous weapon under § 113(a)(3) might not be a crime of violence, Castillo has not raised a valid claim. Castillo acknowledges in his own brief that this court has already determined 18 U.S.C. § 113(a)(6) is categorically a crime of violence under § 924(c)(3)(A). *See* Aplt.'s Br. at 14 (citing *United States v. Mann*, 899 F.3d 898, 906 (10th Cir. 2018)). Castillo also notes that, absent en banc consideration, one panel of this court cannot overturn the decision of another. *Id.* (citing *United States v. Doe*, 865 F.3d 1295, 1298 (10th Cir. 2017)). Therefore, Castillo has not identified a viable constitutional challenge to his sentence.

Castillo's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3