**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

E.M.M.; N.M.M.; G.J.M.,

    Plaintiffs - Appellants,

v.

DOUGLAS COUNTY, COLORADO;
LESA ADAME, individually; CARL
GARZA, individually,

    Defendants - Appellees.

No. 19-1391
(D.C. No. 1:18-CV-02616-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiffs appeal the district court's dismissal with prejudice of this action

based on claim preclusion. We affirm the dismissal, but on alternate grounds.

**BACKGROUND**

This is the third appeal related to this dispute. In our two previous decisions

we comprehensively discussed the facts and legal theories underlying claims brought

by N.E.L., M.M.A., and E.M.M. These three prior plaintiffs, children of Mr. and

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mrs. Doe, alleged they were taken into custody and temporarily separated from their parents as the result of wrongful actions by Kansas and Colorado authorities. *See N.E.L. v. Gildner (N.E.L. II)*, 780 F. App'x 567 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 936 (2020); *N.E.L. v. Douglas Cnty. (N.E.L. I)*, 740 F. App'x 920 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1320 (2019). *N.E.L. I* pertained to Colorado officials and was litigated in the District of Colorado. *N.E.L. II* pertained to Kansas officials and was first transferred to and then litigated in the District of Kansas. In each case we affirmed the district court's dismissal of all claims.

Following our latest decision, E.M.M., who was a plaintiff in *N.E.L. II* (the District of Kansas case) and two of his siblings, N.M.M. and G.J.M., who were not named as plaintiffs in the prior litigation but have now reached the age of majority, filed this new suit in the District of Colorado against the Colorado defendants. Five of their claims are substantially identical to the claims asserted in *N.E.L. I*. Plaintiffs have also added two claims, alleging that defendants violated (1) their Fourteenth Amendment rights, by failing to provide them with notice and a hearing in Colorado; and (2) their right to travel.

The defendants moved to dismiss this action on several grounds: claim preclusion, issue preclusion, the statute of limitations, qualified immunity, and failure to plead a claim of municipal liability. The district court determined that claim preclusion barred plaintiffs' claims, dismissed their claims with prejudice, and did not reach the other asserted grounds for dismissal.

2

As plaintiffs acknowledge, *see* Aplt. Opening Br. at 7, 23, we may affirm this judgment on any ground that finds support in the record. *See GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005). Here, affirmance is appropriate because all plaintiffs' claims fail as a matter of law. To the extent plaintiffs raise claims identical to those previously raised by their older siblings, those claims were thoroughly litigated in our prior appellate decisions and fail for the reasons we have identified.[1] To the extent plaintiffs attempt to raise new claims, or rely on newly stated facts, those claims fail for reasons we will now specify.

## DISCUSSION

In assessing whether a complaint states a claim, we accept the well-pleaded allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Jones v. Hunt*, 410 F.3d 1221, 1223 (10th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### 1. Previously Asserted Claims

The older siblings' complaint in *N.E.L. I* raised six claims under the Fourth and Fourteenth Amendments. As the district court noted, the complaint in this action "is largely identical to the older siblings' complaint." Aplt. App. at 223. Five of the seven claims raised in this action "are identical to claims asserted in the older

---

[1] We have not simply affirmed based on our decisions in those prior cases, however. Instead, we have carefully considered the arguments plaintiffs have raised in their appellate briefing in this case.

3

siblings' complaint, except to the extent that plaintiffs have removed [Kansas defendants] Gildner, Webb, and Abney," *id.*, and substituted themselves as plaintiffs. These five claims are

- "that Adame and Garza violated the Fourth Amendment by approving and/or conducting an unlawful seizure by which Plaintiffs were deprived of their liberty without due process when they were prohibited from any movement or travel with their mother, father and grandparents,"

- "that Adame and Garza violated plaintiffs' Fourteenth Amendment right to maintain a familial relationship,"

- "that Adame and Garza conspired to deprive plaintiffs of their constitutional rights,"

- "that plaintiffs were entitled to exemplary damages because the actions of Adame and Garza were attended by intent, recklessness, callous disregard or indifference to plaintiffs' rights," and

- "that Douglas County violated the Fourth Amendment by adopting as its policy or practice warrantless seizure, or alternatively by acting with deliberate indifference in failing to train personnel."

*Id.* at 223-24 (alterations and internal quotation marks omitted).

In *N.E.L. I*, we affirmed the dismissal of each of these claims, as asserted by the older siblings. We determined that the Fourth Amendment and Fourteenth Amendment claims against Adame and Garza failed because the defendants were entitled to qualified immunity. *See N.E.L. I*, 740 F. App'x at 929-30 (Fourth

4

Amendment claims); *id.* at 931 (Fourteenth Amendment claims). And the older

siblings' Fourth Amendment claim against Douglas County failed because they did

not plead sufficient facts to sustain a claim under *Monell v. Department of Social*

*Services*, 436 U.S. 658 (1978), whether their claim was based on formal policy, *see*

*N.E.L. I*, 740 F. App'x at 932-33; custom, *see id.* at 933; or deliberate indifference,

*see id.* at 933-34.

Plaintiffs' identical claims in this suit fail for substantially the same reasons.

And even though their complaint asserts additional facts to support their

municipal-liability claim, those facts do not warrant a different result.

### A. Additional Facts Concerning Formal Policy

In *N.E.L. I*, we noted the older siblings' contention that Douglas County

unconstitutionally followed a formal policy of complying with a 2007 state-court

standing order that allegedly led its employees to violate the Fourth Amendment.

But we found this argument waived, because the older siblings "didn't mention the

standing order in their First Amended Complaint" or their opening brief. *N.E.L. I*,

740 F. App'x at 932. Perhaps in response to this holding, plaintiffs have added a

paragraph to their complaint alleging that "Douglas County adopted a policy

contained in a standing order, CJO 07-11, authorizing the warrantless entry and

seizure of Plaintiffs, which policy was the moving force behind the deprivation of

Plaintiffs' [constitutional rights]." Aplt. App. at 34, ¶ 188a. But this additional

allegation does not require a different outcome.

5

Notwithstanding our waiver determination in *N.E.L. I*, we also addressed the older siblings' formal-policy argument on the merits. We concluded their reliance on the policy at issue here, CJO 07-11, failed to establish a *Monell* claim because the standing order did not authorize county officials to enter homes without a warrant. *See N.E.L. I*, 740 F. App'x at 932-33. Plaintiffs' invocation of this policy in their complaint does not dictate a different result.

### B. Additional Facts Concerning Deliberate Indifference

In *N.E.L. I* we also addressed the older siblings' contention that Douglas County's failure to adopt an adequate policy and training concerning the enforceability of out-of-state *ex parte* orders constituted deliberate indifference. We concluded the older siblings failed to allege facts plausibly showing that failure to adopt such a policy was "substantially certain to result in illegal seizures or entries into homes without warrants," or that Douglas County was on notice that its failure to act would lead to illegal seizures or warrantless entries into homes and was deliberately indifferent to the risk of harm. *Id.* at 934 (internal quotation marks omitted).

Plaintiffs have added two paragraphs to their complaint concerning this claim. The first confirms that Douglas County lacked an official policy for handling requests to enforce out-of-state *ex parte* orders. *See* Aplt. App. at 35, ¶ 190a. The second relies on a provision in Douglas County's policy manual providing that "[o]ut-of-state Court Orders are not valid on their face in Colorado, except for Foreign Protection Orders." *Id.*, ¶ 191a (internal quotation marks omitted). Plaintiffs

contend this policy manual provision made it obvious that Douglas County needed to adopt and implement an official policy prohibiting the seizure of children based on out-of-state *ex parte* orders. But neither new allegation fills the hole in the complaint that we previously identified: failure to plausibly allege facts that rise to the level of *deliberate indifference*.

### 2. New Claims

Plaintiffs also added two new claims to their complaint, alleging that the defendants (1) violated their procedural due process rights under the Fourteenth Amendment and Colorado's UCCJEA by failing to afford them notice and a hearing in Colorado, and (2) violated their right to travel. Our analysis in *N.E.L. I* dictates dismissal of the procedural due process claim as stated in plaintiffs' complaint, both as it relates to the individual defendants, who are entitled to qualified immunity, *see N.E.L. I*, 740 F. App'x at 931 n.21; and as it relates to Douglas County, *see id.* at 932-34. In addition, plaintiffs have failed to identify clearly established law or a basis for municipal liability that would permit them to pursue a claim against these defendants for an alleged deprivation of their right to travel.

Seeking to resurrect their procedural due process claim, plaintiffs nevertheless urge us to "overturn [our] previous rulings in *N.E.L. I and II* [and] find that Plaintiffs had a clearly established right to a post-seizure hearing in Colorado based on the detailed requirements of Colorado's UCCJEA and federal decisional law." Aplt. Opening Br. at 7. In response, the defendants urge us to follow our law-of-the-circuit principle, under which we may overturn a prior panel decision only in very specific

7

circumstances, such as when there has been an en banc consideration or an intervening Supreme Court decision. *See, e.g.*, *United States v. Doe*, 865 F.3d 1295, 1298-99 (10th Cir. 2017). Plaintiffs respond that this principle is inapplicable here, because both *N.E.L. I* and *II* were unpublished decisions. *See Kennedy v. Lubar*, 273 F.3d 1293, 1300 n.9 (10th Cir. 2001) ("[T]he law of the circuit doctrine . . . refers generally to our policy that prior circuit precedent, derived from a *published opinion on the merits*, will not be overturned absent an *en banc* ruling of this court.").

But even if we consider this issue on the merits, the dismissal must still be affirmed. Having carefully reviewed plaintiffs' arguments as well as our decisions in *N.E.L. I* and *II*, we conclude that given the unusual facts of this case plaintiffs have failed to point us to "existing precedent [that] placed the statutory or constitutional question beyond debate," *Kisela v. Hughes*, ___U.S.___, 138 S. Ct. 1148, 1152 (2018) (per curiam) (internal quotation marks omitted), and that made it "sufficiently clear that every reasonable official would have understood that what he is doing violates that right," *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks omitted). Their reliance on the UCCJEA's procedural requirements to support their Fourteenth Amendment argument does not satisfy their burden, *cf. N.E.L. I*, 740 F. App'x at 930 ("Having failed to provide us authority clearly establishing that violating the Colorado UCCJEA is a Fourth Amendment violation, [the older siblings] haven't met their burden."), and the other authorities they cite are insufficiently particularized to the facts of this case to constitute clearly established law. Thus, dismissal of this claim is proper based on qualified immunity.

8

**CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Gregory A. Phillips
Circuit Judge