**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZQUAREUS TROYEZ IMMANUEL
THOMAS, a/k/a Maniac,

    Defendant - Appellant.

No. 24-6074
(D.C. No. 5:22-CR-00016-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Zquareus Troyez Immanuel Thomas appeals his jury conviction for being a

felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). That statute

makes it unlawful for a convicted felon to "possess in or affecting commerce, any

firearm or ammunition." *Id.* During Thomas's trial, the government put on evidence

that three spent shell casings he possessed had travelled across state lines. Thomas

argued, both in a motion for a judgment of acquittal and in objecting to the jury

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instructions, that the "affecting commerce" element required the government to prove something more than that the ammunition had travelled across state lines at some time. The district court rejected his arguments, ruling precedent from this court holds that movement from one state to another satisfies the "affecting commerce" element.

On appeal, Thomas concedes his arguments are foreclosed by this court's precedent. *See* Aplt. Opening Br. at 2, 15-16; Reply Br. at 1, 2. He nevertheless maintains that the district court erred in denying his motion for acquittal and in instructing the jury. He insists the "affecting commerce" element requires more than a minimal nexus with interstate commerce and it was insufficient to prove the ammunition had crossed state lines at some point in the past. He also contends the district court's rulings are inconsistent with the Supreme Court's Commerce Clause jurisprudence as articulated in *Gonzales v. Raich*, 545 U.S. 1 (2005), *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995).

We review the district court's rulings de novo. *See United States v. Murphy*, 100 F.4th 1184, 1195 (10th Cir. 2024) (motion for acquittal); *United States v. Joseph*, 108 F.4th 1273, 1285 (10th Cir. 2024) (accuracy of jury instructions). We agree with the district court that Thomas's arguments are squarely foreclosed by both the Supreme Court's and this court's precedents. *See Scarborough v. United States*, 431 U.S. 563, 577 (1977) (analyzing predecessor statute to § 922(g)(1) and holding that "Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred"); *United States v. Campbell*, 603 F.3d 1218, 1220 n.1 (10th Cir. 2010) (noting the tension between *Scarborough* and *Gonzales*,

2

*Morrison*, and *Lopez*, but recognizing this court is bound to follow *Scarborough*); *United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) ("[I]f a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied."); *United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006) ("The constitutional understanding implicit in *Scarborough*—that Congress may regulate any firearm that has ever traversed state lines—has been repeatedly adopted for felon-in-possession statutes by this Court.").

Although Thomas contends we should abandon the *Scarborough* line of cases in favor of *Lopez*, he tacitly acknowledges the Supreme Court has declined to resolve the tension in its cases. *See* Aplt. Opening Br. at 13-15 (discussing the tension between *Scarborough* and *Lopez* and citing *Alderman v. United States*, 562 U.S. 1163 (2011) (Thomas, J., dissenting from the denial of certiorari)). "Absent the Supreme Court overturning its own precedent or our own, we are bound by it." *Contreras ex rel. A.L. v. Dona Ana Cnty. Bd. of Cnty. Comm'rs*, 965 F.3d 1114, 1130 n.3 (10th Cir. 2020). Likewise, absent en banc consideration, one panel of this court cannot overturn another panel's decision. *United States v. Doe*, 865 F.3d 1295, 1298 (10th Cir. 2017). Thus, we adhere to *Scarborough* and our precedent holding that the "affecting commerce" element is satisfied so long as the ammunition at some time moved across state lines. *See Campbell*, 603 F.3d at 1220 n.1.

The district court's judgment is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge